```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - -X
                                          :
                                          :
JOHN SORRENTINO,                          :
                                          :
            Petitioner,                   :    **Opinion**
                                          :
     - against -                          :    04 Civ. 8573 (LLS)
                                          :
UNITED STATES PAROLE COMMISSION,          :
                                          :
            Respondent.                   :
                                          :
                                          :
- - - - - - - - - - - - - - - - - - - - -X
```

John Sorrentino brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking to reverse the Parole Commission's decision to reimpose his Special Parole term following his service of a regular term of imprisonment. The writ is denied.

## Discussion

Sorrentino was convicted of possession of unregistered firearms, conspiracy to distribute heroin, and distribution of heroin[1], and sentenced on April 9, 1987 by this court to imprisonment for twelve years, to be followed by a Special Parole term of eight years. Sorrentino completed his prison term and began serving his Special Parole term on April 10, 1998. Twice during his Special Parole term, Sorrentino's Special Parole was revoked due to violations and he

---

[1] He was not, as erroneously stated in respondent's papers, convicted of distributing heroin within one thousand feet of a school.

served short prison terms, following which the Parole Commission reimposed a parole term.  Sorrentino argues that the Commission had no power to reimpose Special Parole after it was revoked and he was returned to prison.  Sorrentino claims that the consequence of the reimposition of Special Parole is that he gets no credit for the time between his release from prison and the commission of the violation ("street time"). The question is whether the Parole Commission could, after its earlier revocation, reimpose Special Parole with its concomitant disallowance of credit for his street time and, thus, increase of his total time under sentence.

According to the Special Parole statute in effect at the time of Sorrentino's original conviction, a "special parole term imposed under this section ... may be revoked if its terms and conditions are violated."  21 U.S.C. § 841(c).  In 1998, the Second Circuit in <u>Strong v. United States Parole Comm'n</u>, 141 F.3d 429, 433 (2d Cir. 1998), interpreted the word "revoked" to mean that a revocation permanently annulled the Special Parole term, so that it could not be reimposed after service of the sentence for parole violations.  Sorrentino argues that the plain language of § 841(c) demonstrates that this definition of "revoked" was and is correct.[2]

However, in 2004, the Second Circuit overturned <u>Strong</u> because the decision of the Supreme Court of the United States in <u>Johnson v. United States</u>, 529 U.S. 694, 120 S. Ct. 1795 (2000), cast doubt on

---

[2] While <u>Strong</u> was in effect, the Parole Commission did not reimpose his Special Parole term.  What Sorrentino challenges is its reimposition after <u>Strong</u>'s rejection.

Strong's validity. Johnson held that the word "revoke" in 18 U.S.C. § 3583(e), the statute governing Supervised Release (the successor to Special Parole), meant "suspend" rather than "annul", and that, accordingly, a term of Supervised Release may resume following "revocation" and incarceration for parole violation. Johnson, 529 U.S. at 704-13, 120 S. Ct. at 1803-07. In Rich v. Maranville, 369 F.3d 83, 87 (2d Cir. 2004), the Second Circuit applied the logic and textual analysis of Johnson to § 841(c), holding that the word "revoke" has the same meaning in both the Supervised Release and Special Parole statutes: i.e., "something less than total annulment" (id. at 89). The Court of Appeals gave not only textual but policy reasons:

> Third, the policy considerations that led the Johnson court to believe Congress meant to allow the reimposition of supervised release following a revocation are equally applicable to special parole. The imposition of a special parole term, like that of a supervised release term, reflects Congress and the sentencing court's judgment that a particular offender requires stricter supervision. As with supervised release, a violation of special parole "tends to confirm the judgment that help was necessary," id. at 709, 120 S. Ct. 1795, and demonstrates the need for more rather than less supervision in the future. As the Johnson court explained, "no prisoner needs [supervision] more than the one who has already tried liberty and failed." Id. These considerations strongly suggest that Congress intended special parole to survive revocation. Interpreting "revoke" as "annul" rather than "suspend" would have the counterintuitive effect of allowing a special parole violator to attain less stringent regular parole terms, not as a result of good behavior, but instead as a result of a special parole violation.

Rich, 369 F.3d at 89-90 (footnotes omitted)(bracketed word as in Rich).

The Court of Appeals stated that "when special parole is revoked that term is suspended and continues to exist. The [Parole] Commission thus creates nothing when it reimposes that court-created term of special parole after revocation and incarceration." Id. at 90. This leaves no basis for Sorrentino's subsidiary argument that the courts, not the Parole Commission, have the authority to determine sentences.

Whatever the abstract merits of Sorrentino's textual arguments, the Court of Appeals' decision in Rich v. Maranville is binding on, and must be followed by, this court. As the Second Circuit held, the Parole Commission "may reimpose special parole following revocation and incarceration pursuant to 841(c)." Id.

### Conclusion

The application for a writ of habeas corpus is denied. This action is dismissed.

So ordered.

Dated:   June 30, 2005
         New York, New York

_____
LOUIS L. STANTON
U.S.D.J.